

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ROCHA, | No. 14-56908 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-03797-CBM |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted June 10, 2016
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges and SEEBORG,** District Judge.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The Honorable Richard Seeborg, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Appellant Julio Rocha ("Rocha") appeals the denial of his petition for a writ of error coram nobis seeking to vacate his prior convictions on the ground he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A defendant who has fully served his sentence may invalidate his conviction through a petition for a writ of error coram nobis. To qualify for such relief, Rocha must show: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). The fourth element is solely at issue in this appeal, and it may be satisfied if Rocha received ineffective assistance of counsel. *See United States v. Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005), *amended on reh'g*, No. 03-50315, 2005 WL 1692492 (9th Cir. July 21, 2005), and *abrogated by Padilla v. Kentucky*, 559 U.S. 356 (2010).

To succeed on his ineffective assistance claim, Rocha must show his attorney's representation "fell below an objective standard of reasonableness," and he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Under the standard prevailing in 2002, in the context of plea negotiations,

2

an attorney is deficient if he affirmatively misadvises a defendant regarding the immigration consequences of pleading guilty. *See Kwan*, 407 F.3d at 1015–16.

Rocha's attorney, Michael S. Evans ("Evans"), did not render affirmative misadvice. The key statement on which Rocha focuses is that Evans told him to sign the plea agreement because "[i]t will help me not to be deported" given "we were going to have, if anything, less than a year in prison". Rocha insists that advice was incorrect because his immigration status turned solely on the loss amount, in particular, whether or not it exceeded $10,000, which rendered him an aggravated felon and therefore automatically removable.

Rocha, however, was not misled into thinking the agreement might provide some help in avoiding deportation. Evans recognized if Rocha received a probationary sentence—which is a possible sentence under one year contemplated in the plea agreement—he likely could avoid the virtually automatic removal that would be triggered if Rocha entered federal custody. To call this benefit of the plea agreement accidental or illusory, as Rocha does, is strained. Indeed, the agreement made it possible for Rocha to argue for probation, which is the result he obtained. Further, to deconstruct the precise nature and forum for the promised benefit, as Rocha presses, takes things too far, as Rocha acknowledged Evans correctly advised him the agreement broadly would "help" or "allow" him to avoid

3

deportation.

Rocha concedes Evans explained the convictions could subject him to deportation and never promised Rocha at any time he would not be deported. Accordingly, the district court concluded correctly there was no affirmative misadvice, and did not err in denying Rocha's petition for coram nobis relief.[1]

**AFFIRMED.**

---

[1] As Rocha must satisfy both factors of *Strickland*, we need not reach prejudice. *See Kwan*, 407 F.3d at 1014.